Altschul v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-97-267-CR

     TODD WARREN ALTSCHUL,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee    
 

From the 54th District Court
McLennan County, Texas
Trial Court No. 91-281-C
                                                                                                                   

MEMORANDUM OPINION
                                                                                                                  

      The appellant, Todd Warren Altschul, pleaded guilty to the offense of theft of property of over
$750. On May 14, 1991, the trial court entered the agreed sentence of five years’ incarceration in
the Institutional Division of the Texas Department of Criminal Justice. The record contains two
notices of appeal, one filed on November 26, 1996, and another filed August 13, 1997. The clerk’s
record was filed in this court on September 19, 1997. On September 24, we notified Altschul by
letter that his appeal seemed to not have been duly perfected and that, unless he corrected the defect
within fifteen days, we would dismiss his cause for want of jurisdiction. Those fifteen days have
passed, and Altschul still has not timely perfected his appeal. We will dismiss the cause for want of
jurisdiction. 
      A timely notice of appeal is necessary to invoke a court of appeal's jurisdiction. Olivo v. State,
918 S.W.2d 519, 522 (Tex. Crim. App. 1996). To be timely, a notice of appeal must be filed within
thirty days after the sentence is imposed, or within ninety days if a timely motion for new trial is
filed. See Tex. R. App. P. 26.2. There is no motion for new trial in the clerk’s record;
consequently, Altschul’s notice of appeal was due within thirty days of May 14, 1991.
      Provision is made in the appellate rules for the untimely filing of a notice of appeal. Rule 26.3
allows the appellate court to extend the time for an appellant to file a notice of appeal if, within
fifteen days after the deadline for filing the notice of appeal, the party files the notice of appeal and
a motion requesting an extension of time to file the notice. Tex. R. App. P. 26.3.
      Altschul filed his first notice of appeal on November 26, 1996. By operation of Rule 26.2, his
notice of appeal was due on or about June 13, 1991. Without a timely filed notice of appeal, or a
timely filed motion to extend the time to file a notice of appeal, the appellate court has no jurisdiction
over an appeal. Olivo, 918 S.W.2d at 522-23. Altschul did not file his notice of appeal until over
six years after it was due; consequently, his notice of appeal is untimely. Therefore, this court has
no jurisdiction over his appeal, and it must be dismissed.
      The cause is dismissed for want of jurisdiction.
                                                                               PER CURIAM

Before Chief Justice Davis,
      Justice Cummings, and
      Justice Vance
Dismissed for want of jurisdiction
Opinion delivered and filed October 22, 1997
Do not publish


THE EVIDENCE
      Linda Korbelic, a community supervision officer, testified that she was in court on October
6, 1998, the day Byrd was placed on community supervision. She explained the terms and
conditions of probation to Byrd, including the need to report monthly, to pay all the fees and
restitution ordered by the court, and to submit to drug testing. She further instructed Byrd to go
to the supervision department that day to set up her monthly reporting schedule. 
      Mary Guerra, Byrd’s supervising officer, testified that Byrd did not show up at the
supervision department on October 6. She said that Byrd did not report until December 4, 1998. 
At that time she was asked to take a drug test and left the premises without doing so. Byrd never
reported again. Guerra further testified that Byrd never made any payments as ordered by the
court.
      Byrd testified that she did not understand that she was supposed to report to the supervision
department on October 6. She testified that she was in a drug rehabilitation program for thirty
days “around December 12” and that she was arrested on “old charges” in December as well. She
asked the court to consider her children, continue her probation, and put her in a “more intensive
drug rehabilitation program.” Byrd admitted that she had not paid any of the court fees or
restitution. She stated that she was unemployed and her only income was child support. She said
that she did not report because of “a fear” and because she “wasn’t in the right frame of mind.” 
Byrd also said that she left on December 4 without submitting to the drug test because another
officer told her she could leave. 
ANALYSIS
      Byrd’s third issue suggests that the court erred in revoking her probation because the State
failed to show that her failure to report was intentional and not the result of an inability to report. 
We note that she does not cite any authority to support this suggestion.
      Byrd argues that her testimony that she was in a drug rehabilitation program and that she was
incarcerated on another charge shows an inability to report to the supervision department. Our
review of the record shows that she was in a rehabilitation program for, at most, thirty days
starting around December 12 and that she was “incarcerated . . . for old charges” for three days,
also in December. Byrd testified that she didn’t show up for her monthly reports because she
“wasn’t in the right frame of mind” and “didn’t know how to handle the pressure.” She never
testified that she was unable to report. Thus, failing to report was a proper basis for revoking
Byrd’s probation. 
      Because one violation is sufficient to support a decision to revoke probation, the judgment is
affirmed.


 Holmes, 752 S.W.2d at 701.
 
                                                                       BILL VANCE
                                                                       Justice

Before Chief Justice Davis,
          Justice Vance, and
          Justice Gray
Affirmed
Opinion delivered and filed November 3, 1999
Do not publish